```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
SERAFIN COLON,                                                :
                                        Petitioner,           :
                                                              :   20 Civ. 2263 (LGS)
                      -against-                               :
                                                              :   OPINION AND ORDER
THE CITY OF NEW YORK AND THE                                  :
ATTORNEY GENERAL OF THE STATE OF                              :
NEW YORK,                                                     :
                                        Respondents.          :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

Petitioner brings this *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, challenging his conviction for attempted assault in the first degree and criminal possession of a weapon in the third degree. This case was referred to the Honorable Kevin Nathaniel Fox for a report and recommendation ("Report"). The Report was issued on May 3, 2021, and recommends that the Petition be dismissed. Petitioner timely submitted an objection to the Report. For the reasons set forth below, the Report is adopted in full and the Petition is dismissed.

**I.     Background**

Petitioner, Serafin Colon, was indicted and tried for stabbing Bisnelly Polanco. The prosecution alleged at trial that on the night of the assault, Petitioner walked up to Polanco and stabbed her with a kitchen knife in the "posterior region." The jury found Petitioner guilty of attempted assault in the first degree and criminal possession of a weapon in the third degree. The facts relevant to the petition are summarized below.

### A. Trial and Direct Appeal

During trial, the prosecution and defense presented conflicting information about the nature of the relationship between Petitioner and Polanco. Polanco testified that she never had a romantic or physically intimate relationship with Petitioner, that she had been clean and sober for four years and that she did not recognize a sonogram shown to her by defense counsel although it had her name on it. Petitioner's brother testified that Petitioner and Polanco had dated.

The evidence at trial included eyewitness testimony, text messages, a voicemail Petitioner left for Polanco and a video of the stabbing. The text messages included insults and threats from Petitioner directed at Polanco. The voicemail, which at times was difficult to understand, also allegedly included a threat by Petitioner to Polanco.

In November 2018, Petitioner filed a direct appeal, which the Appellate Division, First Department, denied. Petitioner made three arguments: (1) that the prosecution suborned perjury when it solicited evidence from Polanco about her relationship with Petitioner and her drug use, and requested to vacate the decision under N.Y.C.P.L. § 440; (2) that he was denied a fair trial due to reliance on "an inaudible voice mail message that provided a misleading picture" of the relationship between him and the victim and prejudicial text messages and (3) that his sentence was excessive. The First Department declined to vacate the judgment and found that the trial court was correct in exercising its discretion to admit the text and voicemail messages into evidence. The First Department also found no basis for reducing Petitioner's sentence.

### A. The Petition, the Report and Petitioner's Objection

On March 5, 2020, Petitioner filed a Petition for habeas relief, reiterating the claims he had raised unsuccessfully on direct appeal, that: (1) he was denied due process because the prosecution was aware the witness committed perjury and refused to impeach her, despite

counsels' efforts, (2) he was denied a fair trial when an inaudible voicemail and the text messages were "erroneously admitted into evidence" and (3) his sentence is excessive. Petitioner also raises claims related to the video of the stabbing admitted into evidence at trial and Polanco's testimony about the extent of her injury.

On May 3, 2021, Judge Fox issued the Report recommending that (1) the due process claim be denied because "petitioner's conclusory assertions that the prosecutor misled and lied to the jury are not sufficient to satisfy his burden of proof in this proceeding;" (2) the lack of fair trial claim be denied because "[t]he trial court providently exercised its discretion in admitting a recording of a voicemail left for the victim, even though only parts of it were audible and intelligible," and (3) the sentence is not excessive because "it is within the range prescribed by state law." Judge Fox also recommended dismissing, as unexhausted, the claims based on the video and Polanco's testimony about her injuries.

Petitioner filed an objection on May 14, 2021. He focused on each of the three issues previously raised. First, he argued that he was denied due process because "the prosecutor failed to correct the [victim's] false testimony about the nature of her relationship with the Petitioner." Second, he argued that the court denied him a fair trial "by allowing, on the key question of intent, an inaudible voice mail message that provided a misleading picture." Third, he argued that his sentence was excessive because the victim "only received a single laceration," and Petitioner only "has one prior felony," which was non-violent.

**II.     Legal Standard**

**A. Review of a Magistrate Judge's Report and Recommendation**

A reviewing court "may accept, reject, or modify, in whole or in part, the findings or

recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). The district court "may adopt those portions of the report to which no 'specific, written objection,' is made, as long as the factual and legal bases supporting the findings and conclusions set forth in those sections are not clearly erroneous or contrary to law." *Withus v. Saul*, No. 18 Civ. 10923, 2021 WL 2012270, at *6 (S.D.N.Y. May 19, 2021) (quoting *Adams v. N.Y. State Dep't of Educ.*, 855 F. Supp. 2d 205, 206 (S.D.N.Y. 2012)).

A district court must conduct a de novo review of any portion of the report to which a specific objection is made on issues raised before the magistrate judge. 28 U.S.C. § 636(b)(1). "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Syntel Sterling Best Shores Mauritius Ltd. v. Trizetto Grp.*, No. 15 Civ. 211, 2020 WL 1911205, at *2 (S.D.N.Y. Apr. 20, 2020). Further, a district court should not entertain new grounds for relief or additional legal arguments that were not before the magistrate judge. *Id.*

### B. Review of Habeas Corpus Petition

Where an individual is in state custody following the judgment of a state court, the writ of habeas corpus is available only if that individual is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Before a federal court can consider a habeas petition, a petitioner must first exhaust his claims in state court unless there is no available state corrective process or that process would be "ineffective to protect the rights of the applicant." *Id.* § 2254(b)(1)(B). Federal courts "will not review a question of federal law decided by a state court if the decision of that court rests on a state law ground that is independent of the federal question and adequate to support the judgment." *Berrios v. City of*

*New York*, No. 14 Civ. 8959, 2018 WL 4608211, at *3 (S.D.N.Y. Sept. 25, 2018) (quoting *Coleman v. Thompson*, 501 U.S. 722, 729 (1991)).

The standard for evaluating state court decisions is highly deferential. Where a state court has reached the merits of a federal claim, habeas relief under § 2254 may not be granted unless the state court's decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States" or "was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d)(1), (d)(2). State court factual findings "shall be presumed to be correct" and the petitioner "shall have the burden of rebutting the presumption of correctness by clear and convincing evidence." *Id.* § 2254(e)(1). "'A state court's determination that a claim lacks merit' is not unreasonable 'so long as fairminded jurists could disagree on the correctness of the state court's decision.'" *Berrios*, 2018 WL 4608211, at *3 (quoting *Ramos v. Racette*, 726 F.3d 284, 287-88 (2d Cir. 2013)). If the petitioner is proceeding pro se, "courts should review the habeas petitions with a lenient eye, allowing borderline cases to proceed." *Id.*

### III.   DISCUSSION

The Report is reviewed for clear error. "When a party makes only conclusory or general objections, or simply reiterates the original arguments made below, a court will review the report strictly for clear error." *Syntel Sterling Best Shores Mauritius Ltd.*, 2020 WL 1911205, at *2. Because Petitioner's objections only reiterate arguments made in the initial Petition, clear error is the appropriate standard of review.

### A. Unexhausted Claims

The Report finds that Petitioner failed to exhaust claims related to (1) the video of the assault and (2) Polanco's testimony about the extent of her injury and recommends dismissing those claims. Petitioner did not object to this recommendation. The Report's recommendation as to the unexhausted claims is not clearly erroneous and is adopted. The unexhausted claims are dismissed.

### B. Due Process Claim

The Report concludes that Petitioner failed to establish that "the prosecutor misled and lied to the jury" so Petitioner's due process rights were not violated. This conclusion is not clearly erroneous and is adopted over Petitioner's objections.

Petitioner argues "that he was denied due process when the prosecutor: failed to correct the [victim's] false testimony about the nature of the relationship; repeatedly objected to trial counsel's efforts to impeach her; elicited additional untruths and urged the jury that the perjured testimony was actually truthful." The Report rejects these arguments, concluding that the "unrebutted" facts show that "the prosecutor had no actual evidence," of the victim's perjury. It also finds that the prosecution had no undisclosed evidence demonstrating that their case included perjured testimony or that they knew or should have known of perjury.

A "conviction must be set aside if (1) the prosecution actually knew of [the witness's] false testimony, and (2) there is any reasonable likelihood that the false testimony could have affected the judgment of the jury." *Drake v. Portuondo*, 553 F.3d 230, 241 (2d Cir. 2009); *accord United States v. Teman*, 465 F. Supp. 3d 277, 340 (S.D.N.Y. 2020). As noted by the Report, the State Court made numerous findings related to Petitioner's due process claim including that the prosecutor had no actual evidence during trial that Polanco testified falsely and

that evidence other than Polanco's testimony was sufficient to convict Colon. Petitioner has not presented any evidence overlooked by the State Court or that could rebut the State Court's determinations. So, there is no basis for setting aside his conviction on due process grounds.

The Report's recommendations are not clearly erroneous, Petitioner's objections are overruled and this portion of the Report is adopted.

### C. Merits of Fair Trial Claim

The Report concludes that Petitioner failed to establish that he was denied a fair trial. This conclusion is not clearly erroneous and is adopted. The Report finds that Petitioner "failed to establish that the state court's determination of his fair trial claim was contrary to or an unreasonable application of the clearly established Federal law, as determined by the Supreme Court." Considering the "unrebutted" facts depicting Petitioner and victim's relationship, the Report was not clearly erroneous in finding that the state court permissibly admitted the voicemail. A technician enhanced the voicemail recording for added audio clarity, and the recording revealed Petitioner saying, "Don't let me catch you." There is also a surveillance video of the incident, eyewitness testimony confirming the stabbing and Petitioner's admission "to a friend that he had committed the stabbing." Based on this evidence separate from the voicemail, the jury had a sufficient basis to find Petitioner guilty. Petitioner's objections are overruled, and this portion of the Report is adopted.

### D. Merits of Excessive Sentence Claim

The Report concludes that Petitioner failed to establish that his sentence was excessive. This conclusion is not clearly erroneous and is adopted. "No federal constitutional issue is presented where, as here, the sentence is within the range prescribed by state law." *White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992); *accord Valdez v. Stewart*, No. 17 Civ. 4121, 2021

WL 634716, at *6 (S.D.N.Y. Feb. 17, 2021). Petitioner does not claim that his sentence is outside the prescribed range. Petitioner's objections to the Report are overruled, and this portion of the Report is adopted.

## IV. CONCLUSION

For the foregoing reasons, Petitioner's objections to the Report are overruled. The Report is adopted in full. The Petition for a Writ of Habeas Corpus is dismissed. As Petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Clerk of Court is respectfully directed to close this case and mail a copy of this Opinion and Order to *pro se* Petitioner.

Dated: December 1, 2021
New York, New York

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**